## Commonwealth v. The Great Atlantic & Pacific Tea Co. et al.

*Charles Solit,* for Commonwealth.

*Charles E. Kenworthey, of Evans, Bayard & Frick,* for defendants.

FLOOD, J., June 23, 1938. — Defendant Atlantic & Pacific Tea Company and the other defendants, who are the managers of various stores of that company, were fined by Magistrate Dogole, who found that they had

violated section 2 of the Act of July 24, 1913, P. L. 965, and imposed upon them a fine of $25 and costs of prosecution in the case of each violation. The alleged violation is that defendants advertised and sold chickens at 89 cents each whereas the Commonwealth claims that under the act it was illegal to sell such commodities other than by weight. The weight of each chicken was stamped upon a cellophane container. There was some claim of variation in the weight of the chicken from the stamped weight and, of course, if the weight as stated was different from the actual weight, defendants are guilty of fraud and have clearly violated section 5 of the Act of 1913, supra. However, there is not sufficient evidence of such variation, and the Commonwealth relies solely upon the fact that defendants violated the act by selling the chickens otherwise than by weight.

Section 2 of the Act of 1913 reads as follows:

"All liquid commodities, when sold in bulk or from bulk, shall be sold by weight or liquid measure. All dry commodities, when sold in bulk or from bulk, shall be sold by weight, dry measure or numerical count. No dry commodities shall be sold by liquid measure; dry commodities in car load lots may be sold by weight."

A chicken is clearly a commodity under section 1 of the act which provides that the word shall include "any tangible personal property sold or offered for sale."

The Commonwealth insists that since the chickens were advertised and sold at "89¢ each", even though each one was stamped as being of the same weight, the sale was by numerical count and therefore illegal. Upon the face of the act numerical count is a legal method of selling a chicken, which is a dry commodity. Any such commodity may be sold by weight or by dry measure or by numerical count. The seller may use any of the methods for any dry commodity. This statute, being criminal, must be strictly construed. See the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 58, 46

PS §558. It therefore seems difficult to find any ground for sustaining the Commonwealth's contention.

The Commonwealth cites an opinion of Judge Alessandroni in Commonwealth v. Ryan, in the Philadelphia Quarter Sessions Court, under date of June 21, 1935, which concludes that, since the time-honored custom in the sale of chickens seems to be sale by weight rather than by numerical count, the act must be interpreted so as to forbid the sale of chickens in any other way than by weight. We hesitate to disagree with the authority of this opinion, but its logic would lead us into other positions to which we could not agree. Potatoes and other vegetables for instance were, we think, sold almost universally by dry measure prior to 1913. They are now sold almost exclusively by weight. The newer method operates the better to protect the purchaser, yet the logic in the opinion quoted would make it illegal to sell potatoes or other vegetables by weight. Such surely was not the intent of the act. Therefore, we cannot construe the act in the light of such supposed custom in this case merely because the Commonwealth feels that here such a construction would be for the benefit of the consumer. In many other cases, as we have shown, such a construction would be detrimental to the consumer. Moreover, we have no proof of such a custom. If the Commonwealth's agents feel that the sale of chickens or any other articles by numerical count makes it easy for the dishonest merchant to cheat, the remedy is with the legislature and not through a strained construction of this act, which might lead to more evils than it would correct. We must construe the act to mean what it says. See Statutory Construction Act of 1937, supra, sec. 51, and Farmers-Kissinger Market House Co., Inc., v. Reading et al., 310 Pa. 493, 498.

And now, to wit, June 23, 1938, the appeal is sustained and judgment is hereby entered for defendants.